## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY G. GREEN, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2605 |
| | § | |
| DUANE M. DAILEY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Henry G. Green, Jr., TDCJ-CID #1148427, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 against TDCJ officer Duane M. Dailey. In compliance with the Court's order, Green filed a more definite statement. (Docket Entry No. 9.) The threshold question is whether Green's claims should be dismissed for failure to state a claim. Having carefully considered Green's complaint and more definite statement, the Court will dismiss this lawsuit for failure to state a claim.

## I.  CLAIMS

Green alleges that on August 4, 2004, prison officer Dailey stopped him on his way into the prisoner showers, and told him to remove his boots. Green refused, stating that his shower shoes were broken. Dailey repeated the order to remove the boots. Green again refused, and stated he was going to go get a supervising officer. Dailey attempted to stop Green, but Green maneuvered around him and continued walking away. Dailey grabbed Green, spun him around, and threw him to the floor. Green refused to extend his arm to be

handcuffed until another TDCJ employee arrived to help Dailey.  Green alleges that he received cuts on his face, knee, and hand from the floor, and that his hand was swollen.  He requests $100,000.00 in damages.

## II.  ANALYSIS

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because Green is an inmate proceeding *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, an inmate's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to

2

state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.*

In his more definite statement, Green admits that he received a disciplinary conviction for the incident made the basis of his claims, and that the conviction has not been reversed or set aside. (Docket Entry No. 9, p. 2.)  Accordingly, Green's claims in this lawsuit are barred by *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Moreover, Green's pleadings show that the injuries he sustained during the incident were nothing more than minor cuts and a swollen hand, which were treated with an ointment. Green fails to show a physical injury sufficient to support an Eighth Amendment claim. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

### III.  CONCLUSION

Based on the foregoing, this lawsuit is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A for failure to state a claim.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax number (512)

936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, fax

number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler

Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Signed at Houston, Texas on August 25, 2006.

Gray H. Miller
United States District Judge

4